Sherman David FRIZZELL, Plaintiff In Error,

v.

STATE of Oklahoma, Defendant In Error.

No. A–12282.

Criminal Court of Appeals of Oklahoma.

April 25, 1956.

Rehearing Denied Aug. 1, 1956.

David Tant, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, Presiding Judge.

The defendant, Sherman David Frizzell, was charged by an information filed in the District Court of Oklahoma County with the crime of murder, was tried, found guilty of manslaughter in the first degree, and pur-suant to the verdict of the jury was sentenced to serve a term of 50 years in the state penitentiary.

No brief has been filed on behalf of the defendant and no appearance was made on his behalf at the time the cause was assigned for oral argument. Where defendant appeals from a judgment of conviction and no briefs are filed and no oral argument is presented, in accordance with Rule 9 of the Criminal Court of Appeals, 22 O.S.A. c. 18, Appendix, the court will examine the pleadings, the instructions of the court and the judgment and sentence and if no prejudicial error appears, will affirm the judgment.

We have carefully read the record to see whether there was fundamental error. The proof of the State showed that on the morning of January 23, 1955, the deceased, Earnest Hurst, went with James Curry, Amos Erwin and Leon Goodman to a bootlegger's place in the City of Oklahoma City to get some whiskey and there met the defendant, Frizzell, and Hershall Price. The defendant asked Goodman, who was driving, to take him to a hotel in town so he could get some money to buy whiskey. All of the parties got into the car and Goodman drove the defendant to the hotel where defendant obtained the money and bought a half gallon of whiskey at another bootlegger's. All of the group was drinking and Goodman stopped the car once by a disposal plant and the half gallon of whiskey was passed around for everyone to have a drink. They decided to take the deceased, Hurst, home because he had fallen asleep, but when they attempted to leave him at his house, he became angry and started raving and cursing. Hurst got into an argument with Frizzell and had Goodman stop the car near a railroad track as Hurst wanted to fight. The deceased got out of the car and drew his pocket knife and started jabbing it at Frizzell who was in the back seat, Goodman and Curry having gotten out of the car. Frizzell took out a knife and started jabbing back at Hurst. Curry, Hurst's brother-in-law, per-

suaded them to drop their knives and as the defendant was getting out of the car to fight, the deceased hit him, knocking him down, and then kicked him in the face. The defendant, who was knocked unconscious, was put in the car and the group returned to Hurst's home where they helped the defendant into the house, washed his face and put him on a bed. He remained on the bed for some time while the others continued to drink. Later the others noticed that he had gotten up and was staggering around, and heard him mutter something to the effect that the fight was not over. A few minutes later, it appearing that defendant had probably gone to the kitchen in the meantime and washed his face, the others suddenly saw the defendant behind deceased's chair with a knife in his hand. All of them ran outside upon seeing this and got into the car. The deceased, bleeding from his throat, ran across the street for help and the defendant joined the others in the car, it being shown that he had in his hand at that time a closed knife. The deceased died at the home of a neighbor from a cut through his trachea shortly thereafter. A girl living in the neighborhood saw deceased come across the street with his throat cut and took down the license number of Goodman's car which she saw drive away from deceased's house at that time. She later gave the description of the car and the license tag number to the police. Everyone in the car, with the exception of Erwin who had gotten out soon after they left the home of deceased, was picked up by the police a short while later. A knife was found at the end of the car seat where Frizzell was sitting and it had traces of blood on it but not of a sufficient amount to determine whether it was human blood.

Dr. Hugh Stout, a pathologist, testified that a man would have to be in full control of his faculties to inflict a wound such as the one which took the life of deceased, and that the act involved herein could not have been the work of a dazed person.

Evidence presented on behalf of the defendant tended to show that the deceased, Earnest Hurst, was of a quarrelsome nature and had had arguments on the day of his death with a Negro at the first bootlegger's, with a Negro porter in the hotel where Frizzell picked up some money to buy whiskey and became angry and was trying to pick a fight after some of the group tried to take him home and put him to bed. That the deceased threatened the defendant during the time the defendant was lying on the bed in deceased's home, telling the defendant that he should have killed him and might yet do so. That the defendant was in a dazed condition after he was knocked out and was not conscious of what he was doing.

The defendant, Frizzell, testified that after deceased knocked him down and kicked him he only remembered having his face washed and deceased's telling him about that time that he would kill the defendant if he tried to leave the house. That he did not remember anything further until the officers arrested him.

█ We find no fundamental error in the record. The instructions of the court fairly presented the defendant's theory of the case and there was ample evidence to support the verdict of the jury.

The judgment and sentence of the District Court of Oklahoma County is affirmed.

BRETT and POWELL, JJ., concur.